UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  11-CV-23528-UNGARO

**Carolina Calderon**, and; others similarly situated employees,

    Plaintiff,

vs.

**China Grill Management, Inc.**
a Florida for profit corporation, and; **SC Restaurant Company, LLC**, a foreign limited liability company,

    Defendants.
_____/

COLLECTIVE ACTION

## AMENDED FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Carolina Calderon, and others similarly situated, sues Defendants, SC Restaurant Company LLC, a foreign limited liability company and China Grill Management, Inc., a Florida for profit corporation, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover damages for unpaid minimum wages and overtime wages brought under the laws of the United States of America.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2. Plaintiff Carolina Calderon is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

3. Defendant China Grill Management, Inc. is a Florida profit corporation which is in the business of owning and operating Restaurants and Bars throughout the United States as well as in London, England and Mexico City, Mexico.  See http://www.chinagrillmgt.com.

4. Among the restaurants and bars owned or operated by the Defendant China Management Grill, directly or indirectly, are four in Miami Beach, Florida, including the "Asia de Cuba" restaurant located in the Mondrian Hotel. The registered fictitious name of "Asia de Cuba" is owned by the Defendant China Grill Management, Inc.

5. Defendant SC Restaurant Company, LLC is a foreign limited liability company which owns or manages restaurants directly or indirectly, including the "Asia de Cuba" restaurant located in the Mondrian Hotel in Miami Beach, Florida.

6. The Plaintiff worked as a waitress at the restaurant owned and or operated by the Defendants at the Mondrian Hotel known as the "Asia de Cuba" restaurant.

7. Defendant SC Restaurant Company, LLC is a "person" and "employer" within the meanings of the 29 U.S.C. §203(a) and (d).

8. Defendant Grill Management, Inc. is a "person" and "employer" within the meanings of the 29 U.S.C. §203(a) and (d).

9. Defendants individually or as joint employers are "persons" and "employers" within the meanings of the 29 U.S.C. §203(a) and (d) and is referred to herein jointly as "Employer".

10. In the course of her employment with the Defendants, Carolina Calderon, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was individually engaged in commerce because they were employed in a manner which required that they regularly use the implements of interstate commerce and directly interacted and served customers of the restaurants who traveled from other states and countries.

11. This action is brought by Plaintiffs Carolina Calderon, individually and on behalf of others similarly situated, to recover from the Defendants unpaid minimum wages, unpaid

overtime wage compensation, liquidated damages, and reasonable attorney's fees and costs provided under *inter alia*, 29 U.S.C., §§ 206 and 207.

12. Plaintiff Carolina Calderon is a woman employed as a waitress by the Defendants and dispatches her labor primarily at the "Asia de Cuba" restaurant location in Miami Beach, in Miami-Dade County, Florida from approximately February 2010 through the present.

13. Jurisdiction is conferred upon this Court by 28 U.S.C., Section 1337, and by 29 U.S.C., Section 216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

14. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

## **ATTORNEY'S FEES**

15. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fee for their services.

## **ENTITLEMENT TO ATTORNEY'S FEES**

16. Plaintiff is entitled to an award of attorney's fees if she is the prevailing parties in this action pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority.

## **COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**
### **(Failure to Pay Minimum Wages)**

Plaintiff Carolina Calderon, and others similarly situated, realleges paragraphs 1 through 16 as if fully set forth herein.

17. The Employer is a conglomerate of related persons or entities engaged in the business of operating restaurants.

18. At all times during her employment, Plaintiff Calderon, and others similarly situated, was an hourly wage wait staff employee required to be paid a minimum hourly wage for all work performed for the Employer.

19. Throughout substantially all of her employment with the "Asia de Cuba" restaurant operated by Defendant, Plaintiff and those similarly situated were paid at an hourly rate substantially below the applicable state and federal minimum wage rate of pay.

20. The Employer paid said Plaintiff, and those similarly situated, at a reduced wage rate of pay even though there is no applicable exception to the requirement that said Plaintiff or plaintiffs be paid at least the applicable minimum wage rate of pay.

21. The Employer is not entitled to any so-called "tip credit" toward the applicable minimum wage rate of pay and has actually paid less than required by law as the result of among other factors, the following: (a) Plaintiff and others similarly situated are not "tipped employees" within the meaning of the FLSA §3(m); (b) Plaintiffs and others similarly situated were not advised in advance of their employment of any intention by the employer to take a "tip credit" toward the obligation to pay at least applicable minimum wage rate of pay, nor were they advised of the amount of such credit.

22. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R., §§516.2, 516.4, 516.28 *et seq.,* and §§531.35 and 531.50 *et seq.* and other applicable authority in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were paid well below the minimum wage rates required

by both federal law, and under applicable Florida law and Florida Constitution, whose occasionally higher minimum wage rates are made applicable under the FLSA.

23. Other persons who are similarly situated as the Plaintiff, also provided labor as hourly-rate wait staff employees and/or former employees of the Employer and were also systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

24. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages as required by the FLSA and remains owing Plaintiff and other similarly situated employees a minimum wage for at least the extended three year period preceding this lawsuit. Additionally, the Employer never posted any notice, as required by the FLSA and federal and state law generally, to inform employees of their federal rights to either overtime or minimum wage payments.

WHEREFORE, Plaintiff and others similarly situated request damages equal to all unpaid minimum wages, liquidated damages in an amount equal unpaid wages, together with reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial for their entire applicable employment period with Defendants, or as much as is allowed by the Fair Labor Standards Act, whichever is greater.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime Wages)**

Plaintiff Carolina Calderon realleges paragraphs 1 through 16 as if fully set forth herein.

25. At all times during her employment, Plaintiff, and those similarly situated, were hourly wage wait staff employees required to be paid by the hour for work performed for the Employer. Plaintiffs routinely worked overtime hours but were frequently not paid at all for overtime hours (and parts thereof) or were alternatively either paid their regular reduced hourly

5

rate, or occasionally their overtime pay was calculated based upon a below minimum wage base rate of pay. Other current and former similarly-situated employees of the Employer, who performed the same or similar duties for the Employer as Plaintiffs, were also not paid overtime wages as required by law.

26. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.2, 516.4, 516.28 *et seq.,* and 531.35 and 531.50 *et seq.,* and other applicable authority in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA.

27. The Employer failed to pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include, the following: (a) the Employer failed pay overtime hours at all; (b) the Employer paid hours in excess of forty in an applicable workweek at the same below minimum wage rate of pay or "straight time" rate of pay; (c) the Employer calculated the overtime premium by factoring upon an unlawfully low base rate of pay; (d) the Employer failed to maintain the types of books and records necessary and required in order to account for the number of hours worked during any given workweek and failed to establish the start of any workweek for purposes of overtime compensation calculations, and; (e) the Employer has failed to timely disburse overtime compensation during the applicable pay day for the corresponding pay period during which the excess hours were worked.

28. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA and remains owing Plaintiff and other similarly situated employees the overtime wages earned during at least the

extended three year period preceding this lawsuit. Additionally, the Employer never posted any notice, as required by the FLSA and federal law generally, to inform employees of their federal rights to either overtime or minimum wage payments.

WHEREFORE, Plaintiff and others similarly situated request unpaid overtime wages due, liquidated damages in a like amount, and reasonable attorney's fees and costs pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial for their entire applicable employment period with Defendant, or as much as is allowed by the Fair Labor Standards Act, whichever is greater.

### JURY DEMAND

Plaintiff, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: January 24, 2012

By:     /s/Anthony F. Sanchez  
Anthony F. Sanchez  
Florida Bar No. 0789925

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court using CM/ECF on January 24, 2012 and that the forgoing is being served on all counsel of record via transmission of NEF generated by CM/ECF, including Ria N. Chattergoon, Esq., Fisher & Phillips, LLP, 450 Las Olas Boulevard, Suite 800, Fort Lauderdale, FL 33301; and Robert S. Turk, Esq., Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., 150 West Flagler Street, Suite 2200, Miami, FL, 33130, via U.S. Mail.

Anthony F. Sanchez, P.A.  
Counsel for Plaintiff  
6701 Sunset Drive, Suite 101  
Miami, FL 33143  
Tel.:     305-665-9211  
Fax:     305-328-4842  
E-mail:    afs@laborlawfla.com

   /s/ Anthony F. Sanchez  
Anthony F. Sanchez  
Florida Bar No. 0789925