# EXHIBIT A

BEA 5/23/12
AFS 5/23/12

## SETTLEMENT AGREEMENT and

This Settlement Agreement (hereinafter referred to as the "Agreement") is hereby entered into between: **CAROLINA CALDERON**, and all of her agents, successors, heirs, and assigns (collectively referred to as "**Calderon**"), **SC RESTAURANT COMPANY, LLC**, along with all of its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns ("**SC Restaurant**") (collectively "**Parties**"). This Agreement shall be effective upon execution by the Parties and Court approval.

### Recitals

**WHEREAS**, Calderon was, at one time, employed by SC Restaurant;

**WHEREAS**, Calderon is seeking damages against SC Restaurant and China Grill Management, Inc. ("China Grill") under 29 U.S.C. § 201 *et seq.* (the Fair Labor Standards Act ("FLSA")) for alleged unpaid wages and overtime compensation in the case styled *Carolina Calderon vs. China Grill Management, Inc. and SC Restaurant Company, LLC*, Case No.: 1:11-cv-23528-Ungarro/Torres, currently pending in the United States District Court for the Southern District of Florida ("the Litigation");

**WHEREAS**, SC Restaurant and China Grill deny all allegations and dispute all claims raised by Calderon;

**WHEREAS**, the Parties desire to compromise, finally settle, and fully release any and all claims that Calderon has against SC Restaurant and/or China Grill raised in the Litigation; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants between the Parties, the sufficiency of which is hereby acknowledged, the Parties hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing with prejudice the pending Litigation and to resolve any and all claims that Calderon has made or may have made against SC Restaurant and/or China Grill for alleged unpaid wages and overtime compensation under the FLSA. The Parties agree that this Agreement will be submitted to the Court with the joint motion and that this Agreement will be subject to Court approval.

C.C.

#1931516 v4

3. In consideration for Calderon's execution of this Agreement, SC Restaurant agrees that, within ten (10) days from the date the Court approves this Agreement and dismisses Calderon's claims in the Litigation with prejudice, SC Restaurant will pay Calderon the total gross amount of Twenty Two THOUSAND DOLLARS $ 22,000.00 as follows:

   A. Pay Calderon the gross amount of $ 6,402.50, less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims that Calderon has made or may have made against SC Restaurant and/or China Grill for alleged unpaid wages and overtime compensation under the FLSA. This amount will be reported on an IRS Form W-2 issued by SC Restaurant to Calderon for the 2012 tax year after the conclusion of 2012;

   B. Pay Calderon the gross amount of $ 6,402.50 to resolve any and all claims that Calderon has made or may have made against SC Restaurant and/or China Grill for liquidated damages. This amount will be reported on an IRS Form 1099 issued to Calderon by SC Restaurant for the 2012 tax year after the conclusion of 2012; and

   C. Pay Calderon's attorney, Anthony F. Sanchez, P.A., the amount of $ 9,195.00 to resolve any and all claims that Calderon has made or may have made against SC Restaurant and/or China Grill for attorneys' fees and costs. This amount will be reported on a Form 1099 to be issued to Anthony F. Sanchez, P.A. by SC Restaurant for the 2012 tax year after the conclusion of 2012. SC Restaurant agrees that the amount of attorneys' fees and costs sought by Anthony F. Sanchez, P.A., is fair and reasonable given the legal services performed by the Anthony F. Sanchez, P.A.; and the results obtained.

4. Calderon hereby agrees, represents and warrants that she shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by her under this Agreement, except for the tax contributions federally mandated of SC Restaurant, and that she will fully satisfy all taxes, liens, and assignments which may arise as a result of her receipt of the settlement payments. Calderon represents that she is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

BEA 5/23/12
AFS 5/23/12

5. In consideration for the payments described above: their respective

   A. Calderon generally releases, satisfies and forever discharges SC Restaurant and China Grill (along with all of its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns) of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.*, which

-2-

CC
{Initials}

#1931516 v4

Calderon ever had, now has or may have against SC Restaurant and/or China Grill.

B. Calderon represents that, with respect to the claims that she is waiving, she is waiving not only her right to recover money or other relief in any action that she might institute, but she is also waiving her right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

6. The Parties represent and warrant that the person(s) signing this Agreement has the authority to act on their behalf and to bind each respective party. Calderon represents and warrants that she has the capacity to act on her own behalf and on behalf of all who might claim through her to bind her to the terms and conditions of this Agreement. The Parties each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement.

7. None of the Parties has relied upon any representations or statements made by any other party hereto which are not specifically set forth in this Agreement.

8. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein.

9. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment; or of wrongdoing of any kind by SC Restaurant or China Grill.

10. Calderon agrees that all matters relating to this Agreement are strictly confidential and that Calderon shall not disclose or disseminate any information concerning this Agreement to any third person(s) or entities. Notwithstanding the foregoing, this prohibition does not prohibit disclosure regarding this Agreement under the following specific conditions: (i) Calderon may advise her attorneys, accountants, tax preparers, the IRS, or any other taxing authority that she has received money under this Agreement as a result of a litigation settlement; (ii) Calderon may disclose or disseminate information in conjunction with any judicial or administrative challenge by Calderon to the validity or enforceability of this Agreement; or (iii) if subpoenaed by a party to a lawsuit or ordered by a Court, Calderon may testify regarding this Agreement or may produce this Agreement provided that Calderon has given SC Restaurant's counsel at least ten (10) calendar days written notice to assert any objections prior to Calderon's or document production. Calderon agrees to waive any objection to any request by SC Restaurant that the document production or testimony be done *in camera* and under seal.

-3-

CC
{Initials}

#1931516 v4

11. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

12. This Agreement may only be amended in writing signed by the Parties and approved by the Court.

13. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

14. This Agreement shall not be construed against SC Restaurant by reason of the fact that SC Restaurant was responsible for the drafting of this Agreement or any provision of this Agreement.

I have read the foregoing Confidential Settlement Agreement, and I accept and agree to the provisions contained herein.

May 17th, 2012
DATE

_[signature]_
**CAROLINA CALDERON**

5/17/2012
DATE

**SC RESTAURANT COMPANY LLC**

By: _[signature]_

Print Name: Lisa J. Bennett

Title: Director of HR

-4-

C.C.
{Initials}

#1931516 v4